298 So.2d 273 (1974)
LAMAR T. LOE MOTOR COMPANY, INC.
v.
Henry W. HARRELL.
No. 47604.
Supreme Court of Mississippi.
July 29, 1974.
Rehearing Denied August 19, 1974.
Donald K. Marcus, Vicksburg, for appellant.
Oscar P. LaBarre, Vicksburg, for appellee.
SMITH, Justice:
The present litigation was begun by Henry W. Harrell, as plaintiff, in the Circuit *274 Court of Warren County, against Lamar T. Loe Motor Company, Inc. Harrell claimed damages for an alleged breach by Lamar Loe of its contract to repair his collision-damaged automobile.
Harrell's automobile had been badly wrecked in a collision which had occurred on July 10, 1971. On July 20, 1971, Harrell obtained an estimate from Lamar Loe of the cost of repairing it. On July 27, 1971, Harrell obtained a second estimate. On that date, Harrell says, he instructed Lamar Loe to proceed with the repairs and was assured that the car would be ready in three to five weeks. Some five weeks later Harrell inquired about the car and was told that it was not ready as its repair had been delayed through inability of Lamar Loe to obtain certain necessary parts, (although they had been ordered immediately), because of a strike at General Motors. In November, 1971, Harrell again was told the car was not ready. Some of the delay unquestionably was due to Harrell's wish to save some $500 by having the damaged frame straightened and used instead of having a new frame installed. After much work had been done toward that end, it was found that the old frame would not be satisfactory and that a new frame would be required. Thereupon, work previously done had to be torn down, and a new start made, and the new frame installed. Repairs were completed in February, 1972, some four or five months after the expiration of the "three to five weeks" after July 27, 1971, when Harrell said he had been promised the car.
In his declaration, Harrell claimed these items of alleged damages:
"Loss" of automobile $6,000
"Loss of profits" in Harrell's business $3,000
Punitive damages $15,000.
However, the jury returned a verdict, particularizing the items of damages awarded, as follows:

 "Unaminous [sic] in favor of
 Plaintiff
 $1800.00 (Unaminous [sic] vote)
 Auto Loss on Depreciation
 of vehicle
 $1000.00 Rental Allowance for 5
 mo.
 $5000.00 Punitive Damages
 ________
 Total $7800.00."

Judgment was entered pursuant to that verdict and Lamar Loe has prosecuted this appeal. There was no cross-appeal by Harrell.
The record reflects that the theories of the respective parties as stated in their pleadings differ in many respects from those attempted to be proved by them at the trial.
It is now contended on behalf of Lamar Loe that since the items for which damages were awarded by the jury were not specifically pled in the declaration (except as to punitive damages) Harrell was not entitled to recover for them. The right to complain on this score, however, was waived when appellant failed to interpose objections to the evidence offered with respect to them by Harrell at the trial. Newell Contracting Co. v. Flynt, 172 Miss. 719, 161 So. 298 (1935).
We have concluded from the record that there was enough evidence, taking it most favorably to the position of the appellee, to make it a factual issue for determination by the jury, as to whether or not the failure of Lamar Loe to complete the repair of the automobile until four or five months after the date on which it had been promised to Harrell, was so completely unjustified or inexcusable as to constitute an actionable breach of its agreement with Harrell.
The measure of damages in such a case is the reasonable cost of hiring or leasing a substitute vehicle, of approximately *275 the same type or quality as the car undergoing repair for the period following the date on which the repairer was obligated by his contract to complete the repairs, to the date on which such repairs actually are completed. 38 Am.Jur.2d, Garages, And Filling And Parking Stations, § 64 (1968). In this case the highest figure in evidence of the reasonable cost of hiring or leasing an automobile comparable to Harrell's car indicated a cost of $200 per month. At most, the jury was justified in finding, on the basis of this and other evidence, that the period for which Harrell was entitled to recover for this expense was five months. Therefore, the item awarded by the jury of "$1,000 rental allowance for five months" was supported by evidence and will not be disturbed.
Of the other items included in the jury's verdict, Harrell was not entitled to recover for alleged "depreciation" of his wrecked automobile. Therefore, it was error to include in the verdict and judgment the item of $1,800 for depreciation of the vehicle.
Also, there is nothing in the evidence, as reflected by the record, which would justify the imposition of punitive damages in any amount and the award made by the jury of $5,000 for punitive damages was improper and cannot be sustained. Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So.2d 226 (1962).
Since the verdict of the jury particularized the items constituting its award, it is possible to dispose of this case without remand and retrial. The item of $1,800 (or any sum) for "depreciation" was improper as was the item of $5,000 (or any sum) for punitive damages.
Therefore, the items of $1,800 for "depreciation" and of $5,000 for punitive damages are disallowed, and, as to them, the judgment appealed from is reversed and judgment is entered here for Lamar Loe. The judgment will be affirmed, however, in the sum of $1,000, the amount awarded by the jury for rental of a substitute automobile for five months, as to which the evidence was sufficient to justify the jury in making the award.
Costs are adjudged, and are to be taxed, equally against the parties.
Reversed and judgment here for Lamar T. Loe Motor Company, Inc., as to items of $1,800 for depreciation and $5,000 for punitive damages. The judgment is affirmed, however, as to $1,000 awarded as the reasonable cost of hiring or leasing substitute transportation for a five month period.
The record indicates incidentally that Harrell has not called for his car and that it remains with Lamar Loe. Questions as to payment for the repairs or as to the statutory lien therefor, were not involved in this case and remain unaffected by this decision.
Reversed in part and affirmed in part, and rendered.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.